### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| HAMPTON HARRIS, Individually, and as Independent Administrator of the Estate of MICHAEL HARRIS, Deceased; and ANDREW MUSGROVE, Individually and as Independent Administrator of the Estate of ANNE HARRIS, | § § § § § § | Civil Action No. 4:09-cv-03155 |
| | | Hon. Lynn Hughes |
| Plaintiffs, | § § | |
| VS. | § § | |
| SOCIÉTÉ AIR FRANCE; AIRBUS S.A.S.; HONEYWELL INTERNATIONAL, INC.; ROCKWELL COLLINS, INC., and THALES AVIONICS, S.A., | § § § § § | |
| Defendants. | § § | |

## ANSWER OF DEFENDANT SOCIÉTÉ AIR FRANCE

Defendant Société Air France (hereinafter "Air France"), by and through its attorneys, Holland & Knight LLP and Stepp & Sullivan, P.C., as and for its Answer to Plaintiffs' First Amended Complaint and Jury Demand ("Amended Complaint") states, upon information and belief, as follows:

### Parties

1.      Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint and respectfully refers all questions of law to the Court.

2.      Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and respectfully refers all questions of law to the Court.

3.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint and respectfully refers all questions of law to the Court, except admits that the named decedents, Michael Harris and Anne Harris, were ticketed passengers on Air France Flight 447, which was involved in an accident en route from Rio de Janeiro, Brazil to Paris, France on June 1, 2009, and further states that while no survivors of Air France Flight 447 have been found, approximately 50 bodies of passengers and crew members have been recovered and, therefore, all passengers and crew (including the named decedents) are presumed to have died.

4.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint and respectfully refers all questions of law to the Court.

5.     Air France denies the allegations in Paragraph 5 of the Amended Complaint and respectfully refers all questions of law to the Court, except admits that Air France is a common carrier engaged in transporting passengers for hire by air and operates regularly-scheduled flights in aircraft owned or leased, operated, managed, maintained and controlled by Air France and its employees, agents, and/or representatives acting within the course and scope of that relationship.

6.     Air France denies the allegations in Paragraph 6 of the Amended Complaint and respectfully refers all questions of law to the Court, except admits that Air France is a corporation duly organized and existing under the laws of France with its principal place of business in France at Tremblay en France and regularly operates international passenger flights to and from the United States, including the State of Texas, and further states that its counsel reached an agreement with Plaintiffs' counsel with regard to accepting service of process in this action.

7.     The allegations in Paragraph 7 of the Amended Complaint are directed to defendants other than Air France and therefore do not require a response by Air France.  To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint.

8.     The allegations in Paragraph 8 of the Amended Complaint are directed to defendants other than Air France and therefore do not require a response by Air France.  To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint, except admits that Honeywell International, Inc. has appeared in this action.

9.     The allegations in Paragraph 9 of the Amended Complaint are directed to defendants other than Air France and therefore do not require a response by Air France.  To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint, except admits that Rockwell Collins, Inc. has appeared in this action.

10.     The allegations in Paragraph 10 of the Amended Complaint are directed to defendants other than Air France and therefore do not require a response by Air France.  To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint.

### Jurisdiction

11.     The allegations in Paragraph 11 of the Amended Complaint contain jurisdictional allegations that are questions of law for the Court to decide and therefore do not require a response by Air France.  To the extent that a response is required, Air France admits that the Court has original subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331

in that Plaintiffs' alleged claims against Air France arise during "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (entered into force on November 4, 2003 in the United States and on June 28, 2004 in France) (hereinafter the "Montreal Convention").

12. The allegations in Paragraph 12 of the Amended Complaint contain jurisdictional allegations that are questions of law for the Court to decide and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint.

## Venue

13. The allegations in Paragraph 13 of the Amended Complaint contain venue allegations that are questions of law for the Court to decide and therefore do not require a response by Air France. To the extent that a response is required, Air France denies the allegations in Paragraph 13, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "principal and permanent residence" of the named decedents, and admits that it is engaged in the international transportation by air of passengers, baggage and cargo, and regularly operates flights to and from the United States, including the State of Texas.

14. The allegations in Paragraph 14 of the Amended Complaint contain venue allegations that are questions of law for the Court to decide and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint.

## General Allegations Applicable To All Counts

15.     The allegations in Paragraph 15 of the Amended Complaint are directed, in part, to other defendants and contain jurisdictional and forum allegations that are questions of law for the Court to decide and therefore those allegations do not require a response by Air France. Regarding the allegations in Paragraph 15 of the Amended Complaint that are directed to Air France, if any, Air France denies the allegations and respectfully refers all questions of law to the Court.

16.     Air France denies the allegations in Paragraph 16 of the Amended Complaint, except admits that the named decedents, Michael Harris and Anne Harris, were ticketed passengers on Air France Flight 447 from Rio de Janeiro, Brazil to Paris, France on June 1, 2009, which was a regularly scheduled commercial flight on an Airbus A330-203 aircraft, bearing registration number F-GZCP, and that decedents' tickets provided for roundtrip transportation commencing and terminating in Rio de Janeiro, Brazil.

17.     The allegations in Paragraph 17 of the Amended Complaint are directed, in part, to other defendants and therefore those allegations do not require a response by Air France. Regarding the allegations in Paragraph 17 that are directed to Air France, Air France denies the allegations, except admits that Air France owned and operated an Airbus A330-203 aircraft, bearing registration number F-GZCP, as Air France Flight 447 on June 1, 2009.

18.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint, except admits that, subject to Air France's tariffs, if any, and Conditions of Carriage as referenced in the relevant contract of

transportation, Air France Flight 447 had a scheduled departure time from Brazil of 22 h 00 UTC on May 31, 2009 and a scheduled arrival time in Paris of 9 h 15 UTC on June 1, 2009, admits that the last currently-confirmed completed communication between the Air France Flight 447 flight crew and air traffic controllers was approximately three hours into the flight, admits that no parts identified as having come from the subject aircraft were reportedly located post-accident until June 6, 2009, and further states that the investigation into the circumstances and cause of the accident is continuing.

19.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and further states that the investigation into the circumstances and cause of the accident is continuing.

20.     The allegations in Paragraph 20 of the Amended Complaint are directed, in part, to other defendants and therefore those allegations do not require a response by Air France. Regarding the allegations in Paragraph 20 that are directed to Air France, Air France denies the allegations, and further states that the investigation into the circumstances and cause of the accident is continuing.

21.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint, and further states that the investigation into the circumstances and cause of the accident is continuing.

22.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint, except admits that Flights AF459 and AF447 on June 1, 2009 were operated using A330 aircraft, and further states that the investigation into the circumstances and cause of the accident is continuing.

23.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint, and further states that the investigation into the circumstances and cause of the accident is continuing.

24.     The allegations in Paragraph 24 of the Amended Complaint are directed, in part, to other defendants and therefore those allegations do not require a response by Air France. Regarding the allegations in Paragraph 24 that are directed to Air France, Air France denies the allegations, and further states that the investigation into the circumstances and cause of the accident is continuing.

25.     The allegations in Paragraph 25 of the Amended Complaint are directed, in part, to other defendants and therefore those allegations do not require a response by Air France. Regarding the allegations in Paragraph 25 that are directed to Air France, Air France denies the allegations, except admits that from approximately 2 h 10 (UTC) to approximately 2 h 15 (UTC), 24 messages were automatically sent from the subject aircraft via the Aircraft Communications Addressing and Reporting System and refers to the messages for their content and nature, and further states that the investigation into the circumstances and cause of the accident is continuing.

26.     The allegations in Paragraph 26 of the Amended Complaint are directed to other defendants and therefore do not require a response by Air France.  To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint, and further states that the investigation into the circumstances and cause of the accident is continuing.

27.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint.  The allegations in Paragraph

27 include an over-simplified explanation of general concepts regarding the operation and design of certain aircraft components.

28.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint.  The allegations in Paragraph 28 include an over-simplified explanation of general aerodynamic concepts.

29.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint, except refers to the 24 ACARS messages for their content and nature, and further states that the investigation into the circumstances and cause of the accident is continuing.

30.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint, except admits that there have been other reported instances of problems with certain pitot tubes on Airbus A330 aircraft and admits that the European Aviation Safety Agency (EASA) issued Airworthiness Directive (AD) No. 2009-0195 on August 31, 2009, with which Air France is complying, and refers to this AD for its content and nature.

31.     The allegations in Paragraph 31 of the Amended Complaint are directed, in part, to other defendants and therefore those allegations do not require a response by Air France. Regarding the allegations in Paragraph 31 that are directed to Air France, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations, except refers to the ACARS messages for their content and nature, and further states that the investigation into the circumstances and cause of the accident is continuing.  The allegations in Paragraph 31 include an over-simplified explanation of certain aircraft components.

32.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint, and further states that the investigation into the circumstances and cause of the accident is continuing.

33.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint, except refers to the ACARS messages for their content and nature, and further states that the investigation into the circumstances and cause of the accident is continuing.

34.     Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint, and further states that the investigation into the circumstances and cause of the accident is continuing.

35.     The allegations in Paragraph 35 of the Amended Complaint are directed, in part, to defendants other than Air France and therefore those allegations do not require a response by Air France.  Regarding the allegations in Paragraph 35 that are directed to Air France, Air France denies the allegations, except admits that Air France Flight 447 was involved in an accident over the Atlantic Ocean on June 1, 2009 during a flight from Rio de Janeiro Galeão - Antonio Carlos Jobim International Airport to Paris Charles de Gaulle Airport, and further states that while no survivors of Air France Flight 447 have been found, approximately 50 bodies of passengers and crew members have been recovered and, therefore, all passengers and crew (including the named decedents) are presumed to have died.

36.     Air France denies the allegations in Paragraph 36 of the Amended Complaint.

37.     The allegations in Paragraph 37 of the Amended Complaint are directed, in part, to defendants other than Air France and therefore those allegations do not require a response by Air France.  Regarding the allegations in Paragraph 37 that are directed to Air France, Air France

denies the allegations, and further states that any liability of Air France is governed exclusively by the terms and conditions of the Montreal Convention.

38.　　Air France denies the allegations in Paragraph 38 of the Amended Complaint, except admits that Air France owned the subject aircraft and, subject to air traffic control instructions, safely operated and controlled the subject aircraft, and properly maintained, serviced, inspected, repaired, and tested the subject aircraft and its component parts, and respectfully refers all questions of law to the Court.

39.　　The allegations in Paragraph 39 of the Amended Complaint are directed to defendants other than Air France and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint.

40.　　The allegations in Paragraph 40 of the Amended Complaint are directed to defendants other than Air France and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint.

41.　　The allegations in Paragraph 41 of the Amended Complaint are directed to defendants other than Air France and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint.

42.　　The allegations in Paragraph 42 of the Amended Complaint are directed to defendants other than Air France and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint.

**Count I**
**Negligence And Vicarious Liability**
**Against Defendant Société Air France**

43.     Air France denies the allegations in Paragraph 43 of the Amended Complaint, except admits that Air France owned, managed, maintained, and, subject to air traffic control instructions, operated and controlled the subject aircraft involved in the accident of Air France Flight 447 on June 1, 2009 and respectfully refers all questions of law to the Court.

44.     Air France denies the allegations in Paragraph 44 of the Amended Complaint in the form stated, and alleges that the liability of Air France is governed exclusively by the terms and conditions of the Montreal Convention and respectfully refers all questions of law, including the scope of duty, to the Court.

45.     Air France denies the allegations in Paragraph 45 of the Amended Complaint in the form stated, and alleges that the liability of Air France is governed exclusively by the terms and conditions of the Montreal Convention and respectfully refers all questions of law, including the scope of duty, to the Court.

46.     Air France denies the allegations in Paragraph 46 of the Amended Complaint.

47.     Air France denies the allegations in Paragraph 47 of the Amended Complaint in the form stated, and respectfully refers all questions of law to the Court.

48.     Air France denies the allegations in Paragraph 48 of the Amended Complaint.

49.     Air France denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Air France denies the allegations in Paragraph 50 of the Amended Complaint.

51.     Air France denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Air France denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Air France denies the allegations in Paragraph 53 of the Amended Complaint.

**Count II**
**Claims Against Defendant Société Air France**
**for Damages Under The Montreal Convention**

54.     The allegations in Paragraph 54 of the Amended Complaint contain questions of law for the Court to decide and therefore do not require a response by Air France.  To the extent a response is required, Air France admits that on June 1, 2009, the Montreal Convention was in force and effect in the United States, and further states that it was also in force and effect in Brazil and France.

55.     The allegations in Paragraph 55 of the Amended Complaint contain questions of law for the Court to decide and therefore do not require a response by Air France.  To the extent a response is required, Air France denies the allegations in Paragraph 55 of the Amended Complaint, except admits that the named decedents, Michael Harris and Anne Harris, were ticketed passengers on Air France Flight 447 from Rio de Janeiro, Brazil to Paris, France on June 1, 2009, that they were engaged in "international carriage" within the meaning of Article 1(2) of the Montreal Convention, and therefore that any liability of Air France is governed exclusively by the terms and conditions of the Montreal Convention.

56.     With respect to the allegations in Paragraph 56 of the Amended Complaint, Air France respectfully refers the Court to the complete text of the cited provision of the Montreal Convention.

57.     Air France denies the allegations in Paragraph 57 of the Amended Complaint, except admits that, on the date and at the time of the subject accident, the named decedents, Michael Harris and Anne Harris, were ticketed passengers on Air France Flight 447 from Rio de Janeiro, Brazil to Paris, France and that Air France was the "carrier" as that term is used in the Montreal Convention.

58.     Air France denies the allegations in Paragraph 58 of the Amended Complaint, except admits that while no survivors of Air France Flight 447 have been found, approximately 50 bodies of passengers and crew members have been recovered and, therefore, all passengers and crew (including the named decedents) are presumed to have died.

### Count III
### Negligence Against Defendant Airbus S.A.S.

59.     The allegations in Count III of the Amended Complaint, consisting of Paragraphs 59 through 63 of the Amended Complaint, are expressly directed to Defendant Airbus S.A.S., not Air France, and therefore do not require a response by Air France.

### Count IV
### Strict Products Liability Against Defendant Airbus S.A.S.

60.     The allegations in Count IV of the Amended Complaint, consisting of Paragraphs 64 through 71 of the Amended Complaint, are expressly directed to Defendant Airbus S.A.S., not Air France, and therefore do not require a response by Air France.

### Count V
### Negligence Against Defendant
### Honeywell International, Inc.

61.     The allegations in Count V of the Amended Complaint, consisting of Paragraphs 72 through 77 of the Amended Complaint, are expressly directed to Defendant Honeywell International, Inc., not Air France, and therefore do not require a response by Air France.

### Count VI
### Strict Products Liability Against
### Defendant Honeywell International, Inc.

62.     The allegations in Count VI of the Amended Complaint, consisting of Paragraphs 78 through 86 of the Amended Complaint, are expressly directed to Defendant Honeywell International, Inc., not Air France, and therefore do not require a response by Air France.

## Count VII
### Negligence Against Defendant Rockwell Collins, Inc.

63.     The allegations in Count VII of the Amended Complaint, consisting of Paragraphs 87 through 93 of the Amended Complaint, are expressly directed to Defendant Rockwell Collins, Inc., not Air France, and therefore do not require a response by Air France.

## Count VIII
### Strict Products Liability Against Defendant Rockwell Collins, Inc.

64.     The allegations in Count VIII of the Amended Complaint, consisting of Paragraphs 94 through 102 of the Amended Complaint, are expressly directed to Defendant Rockwell Collins, Inc., not Air France, and therefore do not require a response by Air France.

## Count IX
### Negligence Against Defendant Thales Avionics, S.A.

65.     The allegations in Count IX of the Amended Complaint, consisting of Paragraphs 103 through 107 of the Amended Complaint are expressly directed to Defendant Thales Avionics, S.A., not Air France, and therefore do not require a response by Air France.

## Count X
### Strict Products Liability Against Defendant Thales Avionics, S.A.

66.     The allegations in Count X of the Amended Complaint, consisting of Paragraphs 108 through 115 of the Amended Complaint, are expressly directed to Defendant Thales Avionics, S.A., not Air France, and therefore do not require a response by Air France.

### Damages

67.     The allegations in Paragraph 116 of the Amended Complaint are directed, in part, to defendants other than Air France and therefore those allegations do not require a response by Air France.  Regarding the allegations in Paragraph 116 that are directed to Air France, Air France denies the allegations.

### First Affirmative Defense

68.     The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

69.     The action should be dismissed pursuant to the doctrine of *forum non conveniens*.

### Third Affirmative Defense

70.     Plaintiffs lack standing, capacity or authority to bring this action.

### Fourth Affirmative Defense

71.     Plaintiffs' rights, if any, against Air France are exclusively governed by and subject to the provisions of the Montreal Convention and, to the extent not inconsistent with the Montreal Convention, Air France's tariffs, if any, and Air France's Conditions of Carriage as referenced in the relevant contract of transportation.  Pursuant to the Montreal Convention and any applicable tariffs and Conditions of Carriage, Air France is not liable to Plaintiffs or, in the alternative, the liability of Air France is limited.

### Fifth Affirmative Defense

72.     Pursuant to Article 21(2)(a) and (b) of the Montreal Convention, the liability of Air France, if any, for recoverable damages under Article 17 of the Montreal Convention is limited to the lesser of provable damages or an aggregate sum not in excess of 100,000 Special Drawing Rights because: (a) Plaintiffs' alleged damages were not due to the negligence or other wrongful act or omission of Air France or its servants or agents; and/or (b) Plaintiffs' alleged damages were solely due to the negligence or other wrongful act or omission of a third party.

### Sixth Affirmative Defense

73.     Pursuant to Article 33(2) of the Montreal Convention, the Court may lack subject matter or treaty jurisdiction over Plaintiffs' claims.

### Seventh Affirmative Defense

74.    Pursuant to Article 22(2) of the Montreal Convention, Air France's liability for lost or damaged baggage, if any, is limited to damages in a sum not in excess of 1,000 Special Drawing Rights in whole.

### Eighth Affirmative Defense

75.    The alleged acts and/or omissions of Air France were not the legal or proximate cause of the damages alleged by Plaintiffs.

### Ninth Affirmative Defense

76.    The alleged incident and any resulting damages were due, in whole or in part, to the fault, negligence, want of care, gross negligence, intentional act or acts or omissions of persons or entities other than Air France and for which Air France is neither liable nor responsible and were not due to the fault, negligence, want of care, or other acts or omissions on the part of Air France, or its agents, servants or employees.  Alternatively, Air France's liability to Plaintiffs is partial only and should be reduced in proportion to the fault of others in accordance with applicable law.

### Tenth Affirmative Defense

77.    The alleged damages complained of were due to the unforeseeable, independent, intervening or superseding acts or omissions or other culpable conduct of other persons or entities for which Air France is neither liable nor responsible and were not the result of any fault, neglect, want of care, or other culpable conduct on the part of Air France.

### Eleventh Affirmative Defense

78.    Air France's ownership, operation, maintenance, servicing, inspection, repair and testing of the subject aircraft were pursuant to the rules, regulations, procedures, and instructions

issued and/or approved by the Direction General de l'Aviation Civile (France) and other governmental entities, including their predecessors. Without limiting the foregoing, Air France's operation of Flight 447 was subject to instructions from applicable air traffic control authorities. Air France is not liable to Plaintiffs because Air France complied with all applicable government regulations in effect at the time of the events described in the Amended Complaint.

### Twelfth Affirmative Defense

79.     To the extent that U.S. law is applicable to Plaintiffs' claims against Air France, Plaintiffs' claims may be preempted, either explicitly or implicitly, in whole or in part, by federal law, treaty or statute, including, but not limited to, the Federal Aviation Act, the Airline Deregulation Act, and the Federal Aviation Regulations.

### Thirteenth Affirmative Defense

80.     Some or all of the damages claimed by Plaintiffs are limited or not recoverable under the Montreal Convention and other applicable law. Further, in the event damages are to be awarded to Plaintiffs, such damages should be reduced or offset by various benefits received by or on behalf of Plaintiffs under applicable law, including, but not limited to, any collateral source payments that have been or will be made to or for the benefit of Plaintiffs, and such damages should be reduced or offset by any sums advanced by or on behalf of Air France.

### Fourteenth Affirmative Defense

81.     If Plaintiffs suffered damages as a result of the alleged acts or omissions of Air France, which Air France denies, then any recovery must be reduced by Plaintiffs' failure to mitigate damages.

### Fifteenth Affirmative Defense

82.     Plaintiffs' claims and available damages, if any, are governed and limited by the Death on the High Seas Act ("DOHSA"), 46 U.S.C.A. § 30301 *et seq.*

### Sixteenth Affirmative Defense

83.     To the extent Plaintiffs allege punitive damages claims, such claims are barred or limited by provisions of the Montreal Convention, United States Constitution, state constitutions, or other applicable law including, without limitation, DOHSA (if applicable), French law (if applicable), proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protection of the laws.

### Seventeenth Affirmative Defense

84.     To the extent that Plaintiffs have made a jury demand, Air France objects to the jury demand which may not be available under applicable law.

### Eighteenth Affirmative Defense

85.     Formal discovery has not yet commenced in this action, nor has the investigation of the facts surrounding the events of June 1, 2009 been completed.  Accordingly, Air France reserves the right to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and it reserves the right to amend its Answer and other pleadings.

### Nineteenth Affirmative Defense

86.     Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air France gives notice that it may rely upon the laws of a foreign country in this matter.

**WHEREFORE**, Air France prays that judgment be entered in its favor: (1) dismissing the Amended Complaint in its entirety or, alternatively, limiting its liability pursuant to the foregoing; (2) awarding attorneys' fees, costs, expenses and disbursements; and (3) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

STEPP & SULLIVAN, P.C.

Jad Stepp
Attorney in Charge for Defendant
Société Air France
State Bar No. 19169100
Federal Bar No. 5856
1010 Lamar St. Suite 810
Houston, TX  77002
Tel. No. (713) 336-7203
Fax No. (713) 336-7250

-and-

HOLLAND & KNIGHT LLP

Christopher G. Kelly*
Alan D. Reitzfeld*
195 Broadway
New York, New York  10007
Tel No. (212) 513-3200
Fax No. (212) 385-9010

*Attorneys for Defendant Société Air France*

*Awaiting pro hac vice admission.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of Stepp & Sullivan, P.C., and that a true and correct copy of the foregoing was served on counsel of record as noted below on this, the 8th day of December 2009.

*Via ECF*
Richard Mithoff
Janie Jordan
Joseph Alexander
Mithoff Law Firm
500 Dallas Street, Suite 3450
Houston, Texas  77002
Attorneys for Plaintiffs Hampton Harris and Andrew Musgrove

*Via ECF*
Don Rushing
Ellen Adler
William O'Connor
Morrison & Foerster, LLP
12531 High Bluff Dr., Suite 100
San Diego, California  92130
Attorneys for Defendant Honeywell International, Inc.

*Via ECF*
Thomas Trent
Johnson, Trent, West & Taylor, LLP
919 Milam Street, Suite 1700
Houston, Texas  77002
Attorney for Defendant Honeywell International, Inc.

*Via ECF*
Robert Ruckman
Jackson & Walker LLP
901 Main Street, Suite 6000
Dallas, Texas  75202-4771
Attorney for Defendant Rockwell Collins, Inc.

*Via ECF*
Pamela Hicks
Beirne Maynard & Parsons, L.L.P.
1300 Post Oak Blvd, Suite 2400
Houston, Texas  77056-3000
Attorney for Defendant Thales Avionics, S.A.

*Via U.S. Mail*
Thad T. Dameris
Hogan & Hartson LLP
Bank of America Center
700 Louisiana Street, Suite 4300
Houston, TX 77002
Attorney for Defendant Airbus S.A.S.

Jad J. Stepp