IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HAMPTON HARRIS, Individually, and as Independent Administrator of the Estate of MICHAEL HARRIS, Deceased; and ANDREW MUSGROVE, Individually and as Independent Administrator of the Estate of ANNE HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> SOCIETE AIR FRANCE; AIRBUS S.A.S.; HONEYWELL INTERNATIONAL, INC.; ROCKWELL COLLINS, INC.; and THALES, S.A., <br><br> Defendants. | CIVIL ACTION NO. 4:09-cv-03155 <br><br><br><br> Complaint Filed:  September 30, 2009 |

## HONEYWELL INTERNATIONAL INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Honeywell International Inc. ("Honeywell") answers the allegations contained in Plaintiffs' First Amended Complaint as it pertains to Honeywell as follows:

Honeywell denies each and every allegation in Plaintiffs' First Amended Complaint, except as hereinafter specifically admitted, qualified or otherwise answered.

## PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

Honeywell admits that on June 1, 2009, an aircraft accident occurred when Air France Flight 447 crashed into the Atlantic Ocean while en route from Rio de Janeiro to Paris.  Honeywell denies that it is responsible for Plaintiffs' alleged injuries and damages under any theory of liability. Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## A.  Parties

1.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 1, and therefore denies them.

2.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 2, and therefore denies them.

3.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 3, and therefore denies them.

4.      Honeywell admits that Plaintiffs bring suit for wrongful death.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 4, and therefore denies them.

5.      To the extent that the allegations in paragraph 5 are directed to other parties, no response is required.

6.      To the extent that the allegations in paragraph 6 are directed to other parties, no response is required.

7.      To the extent that the allegations in paragraph 7 are directed to other parties, no response is required.

8.      Honeywell admits that it was and is a Delaware corporation having its principal place of business in Morristown, New Jersey.  Honeywell admits that it manufactures, markets and distributes the air data and inertial reference units ("ADIRU"), including the type of ADIRU on board the accident aircraft.  Honeywell admits that it has been served and has appeared in this action. Honeywell denies that the ADIRU was manufactured in Texas.  Honeywell lacks knowledge or information sufficient to form a belief as to the remaining allegations stated in paragraph 8.  To the

2

extent that the remaining allegations stated in the paragraph 8 are conclusions of law, no response is required.

9.      To the extent that the allegations in paragraph 9 are directed to other parties, no response is required.

10.     To the extent that the allegations in paragraph 10 are directed to other parties, no response is required.

## B.  Jurisdiction

11.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 11.

12.     Honeywell admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1369, because the action involves minimal diversity, arises from a single accident where at least seventy-five people have died, and the accident occurred in a location other than the State where a Defendant resides.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 12, and therefore denies them.

## C.  Venue

13.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 13, and therefore denies them.

14.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 14, and therefore denies them.

## D.  General Allegations Applicable to All Counts

15.     Honeywell denies the allegations stated in paragraph 15 insofar as they relate to Honeywell or an alleged defect in the ADIRU.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 15, and therefore

denies them.  To the extent that the allegations in paragraph 15 are directed to other parties, no response is required.  To the extent that the remaining allegations stated in the paragraph 15 are conclusions of law, no response is required.

16.     Honeywell admits that on June 1, 2009, Air France Flight 447 was scheduled to fly from Rio de Janeiro Galeao International Airport to Paris Charles De Gaulle Airport.  Honeywell admits that the subject aircraft was an Airbus 330-203 registered under the number F-GZCP.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 16, and therefore denies them.

17.     Honeywell admits that the subject aircraft was designed and manufactured by Defendant Airbus.  To the extent that the allegations in paragraph 17 are directed to other parties, no response is required.

18.     Honeywell admits that on June 1, 2009, while en route, Flight 447 lost contact with air traffic controllers and that debris from Flight 447 was later found in the Atlantic Ocean.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 18, and therefore denies them.

19.     Honeywell admits that the Inter-Tropical Convergence Zone is an area known for harsh weather conditions.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 19, and therefore denies them.

20.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 20, and therefore denies them.  To the extent that the allegations in paragraph 20 are directed to other parties, no response is required.

21.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 21, and therefore denies them.

22.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 22, and therefore denies them.

23.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 23, and therefore denies them.

24.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 24, and therefore denies them.

25.     Honeywell admits that Flight 447 transmitted a series of ACARS messages, but lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations stated in paragraph 25, and therefore denies them.

26.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 26, and therefore denies them.

27.     Honeywell denies that the ADIRU is the airplane's main computer.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 27, and therefore denies them.

28.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 28, and therefore denies them.

29.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 29, and therefore denies them.

30.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 30, and therefore denies them.

31.     Honeywell admits that Flight 447's ADIRUs were designed, manufactured and sold by Honeywell.  Honeywell denies that the ADIRU is the main computer of the airplane.  Honeywell

5

lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 31, and therefore denies them.

32.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 32, and therefore denies them.

33.     Honeywell denies the allegations stated in paragraph 33 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 33 are directed to other parties, no response is required.

34.     Honeywell admits that Flight 447 crashed.  Honeywell denies the remaining allegations contained in paragraph 34 of the Complaint insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 34, and therefore denies them.  To the extent that the allegations in paragraph 34 are directed to other parties, no response is required.

35.     Honeywell admits that the on June 1, 2009, the subject flight crashed into the Atlantic Ocean while en route from Rio de Janeiro Galeao International Airport to Paris Charles De Gaulle Airport, approximately 680 miles northeast of Brazil in the Atlantic Ocean.  Honeywell admits that all passengers on board the subject aircraft were killed.  Honeywell denies the remaining allegations contained in paragraph 35 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the remaining allegations in paragraph 35 are directed to other parties, no response is required.

36.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 36, and therefore denies them.

37.     Honeywell denies the allegations contained in paragraph 37 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.   To the extent that the allegations in paragraph 37 are directed to other parties, no response is required.

38.     To the extent that the allegations in paragraph 38 are directed to other parties, no response is required.

39.     To the extent that the allegations in paragraph 39 are directed to other parties, no response is required.

40.     Honeywell admits that it designed, manufactured, tested, inspected, marketed, distributed and sold the ADIRUs installed on the subject aircraft.   Honeywell denies that it installed the ADIRUs on the subject aircraft.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 40, and therefore denies them.

41.     To the extent that the allegations in paragraph 41 are directed to other parties, no response is required.

42.     To the extent that the allegations in paragraph 42 are directed to other parties, no response is required.

### COUNT I
### Negligence and Vicarious Liability
### Against Defendant SOCIETE AIR FRANCE

43.     To the extent that the allegations in paragraph 43 are directed to other parties, no response is required.

44.     To the extent that the allegations in paragraph 44 are directed to other parties, no response is required.

45.     To the extent that the allegations in paragraph 45 are directed to other parties, no response is required.

sd-498571

46.     To the extent that the allegations in paragraph 46 are directed to other parties, no response is required.

47.     To the extent that the allegations in paragraph 47 are directed to other parties, no response is required.

48.     Honeywell denies the allegations contained in paragraph 48 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 48 are directed to other parties, no response is required.

49.     Honeywell denies the allegations contained in paragraph 49 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 49 are directed to other parties, no response is required.

50.     Honeywell denies the allegations contained in paragraph 50 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 50 are directed to other parties, no response is required.

51.     Honeywell denies the allegations contained in paragraph 51 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 51 are directed to other parties, no response is required.

52.     Honeywell denies the allegations contained in paragraph 51 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 52 are directed to other parties, no response is required.

53.     Honeywell denies the allegations contained in paragraph 51 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.   To the extent that the allegations in paragraph 53 are directed to other parties, no response is required.

**COUNT II**
**Claims Against Defendant SOCIETE AIR FRANCE**
**For Damages Under The Montreal Convention**

54.     Honeywell admits that at the time of the accident, the Montreal Convention was in force and effect in the United States.

55.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 55, and therefore denies them.  To the extent that the allegations stated in the paragraph 55 are conclusions of law, no response is required.

56.     To the extent that the allegations stated in the paragraph 56 are conclusions of law, no response is required.

57.     Honeywell admits that Air France was the operator of Flight 447.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 57, and therefore denies them.

58.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 58, and therefore denies them.

**COUNT III**
**Negligence Against Defendant Airbus S.A.S.**

59.     To the extent that the allegations in paragraph 59 are directed to other parties, no response is required.

60.     Honeywell denies the allegations contained in paragraph 60 insofar as they relate to Honeywell or an alleged defect in the ADIRU.  To the extent that the allegations in paragraph 60 are directed to other parties, no response is required.

61.     Honeywell denies the allegations contained in paragraph 61 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 61 are directed to other parties, no response is required.

sd-498571

62.     Honeywell denies the allegations contained in paragraph 62 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 62 are directed to other parties, no response is required.

63.     Honeywell denies the allegations contained in paragraph 63 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 63 are directed to other parties, no response is required.

**COUNT IV**
**Strict Products Liability Against Defendant Airbus S.A.S.**

64.     To the extent that the allegations in paragraph 64 are directed to other parties, no response is required.

65.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 65, and therefore denies them.

66.     Honeywell denies the allegations contained in paragraph 66 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 66 are directed to other parties, no response is required.

67.     Honeywell denies the allegations contained in paragraph 67 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 67 are directed to other parties, no response is required.

68.     Honeywell denies the allegations contained in paragraph 68 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 68 are directed to other parties, no response is required.

69.     Honeywell denies the allegations contained in paragraph 69 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 69 are directed to other parties, no response is required.

70.     Honeywell denies the allegations contained in paragraph 70 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 70 are directed to other parties, no response is required.

71.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 71, and therefore denies them.

**COUNT V**
**Negligence Against Defendant**
**HONEYWELL INTERNATIONAL INC.**

72.     Honeywell denies the allegations contained in paragraph 72.

73.     Honeywell denies the allegations contained in paragraph 73.

74.     Honeywell denies the allegations contained in paragraph 74.

75.     Honeywell denies the allegations contained in paragraph 75.

76.     Honeywell denies the allegations contained in paragraph 76.

77.     Honeywell denies the allegations contained in paragraph 77.

**COUNT VI**
**Strict Products Liability Against Defendant**
**HONEYWELL INTERNATIONAL INC.**

78.     Honeywell admits that it designed, manufactured, inspected and tested the ADIRUs installed on the subject aircraft.  Honeywell admits that that it prepared instructions regarding the maintenance of the ADIRUs installed on the subject aircraft.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 78, and therefore denies them.

79.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 79, and therefore denies them.

80.     Honeywell denies the allegations contained in paragraph 80.

sd-498571

81.    Honeywell denies the allegations contained in paragraph 81.

82.    Honeywell denies the allegations contained in paragraph 82.

83.    Honeywell denies the allegations contained in paragraph 83.

84.    Honeywell denies the allegations contained in paragraph 84.

85.    Honeywell denies the allegations contained in paragraph 85.

86.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 86, and therefore denies them.  Honeywell denies that plaintiffs are entitled to recover under any theory they invoke against Honeywell, including strict products liability.

<u>**COUNT VII**</u>
<u>**Negligence Against Defendant ROCKWELL COLLINS, INC.**</u>

87.    To the extent that the allegations in paragraph 87 are directed to other parties, no response is required.

88.    To the extent that the allegations in paragraph 88 are directed to other parties, no response is required.

89.    To the extent that the allegations in paragraph 89 are directed to other parties, no response is required.

90.    To the extent that the allegations in paragraph 90 are directed to other parties, no response is required.

91.    To the extent that the allegations in paragraph 91 are directed to other parties, no response is required.

92.    To the extent that the allegations in paragraph 92 are directed to other parties, no response is required.

93.    To the extent that the allegations in paragraph 93 are directed to other parties, no response is required.

sd-498571

## COUNT VIII
### Strict Products Liability Against Defendant ROCKWELL COLLINS, INC.

94.     To the extent that the allegations in paragraph 94 are directed to other parties, no response is required.

95.     To the extent that the allegations in paragraph 95 are directed to other parties, no response is required.

96.     To the extent that the allegations in paragraph 96 are directed to other parties, no response is required.

97.     To the extent that the allegations in paragraph 97 are directed to other parties, no response is required.

98.     To the extent that the allegations in paragraph 98 are directed to other parties, no response is required.

99.     To the extent that the allegations in paragraph 99 are directed to other parties, no response is required.

100.    To the extent that the allegations in paragraph 100 are directed to other parties, no response is required.

101.    To the extent that the allegations in paragraph 101 are directed to other parties, no response is required.

102.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 102, and therefore denies them.

## COUNT IX
### Negligence Against Defendant THALES AVIONICS, S.A.

103.    To the extent that the allegations in paragraph 103 are directed to other parties, no response is required.

104.    To the extent that the allegations in paragraph 104 are directed to other parties, no response is required.

105.    To the extent that the allegations in paragraph 105 are directed to other parties, no response is required.

106.    To the extent that the allegations in paragraph 106 are directed to other parties, no response is required.

107.    To the extent that the allegations in paragraph 107 are directed to other parties, no response is required.

<u>**COUNT X**</u>
<u>**Strict Products Liability Against Defendant THALES AVIONICS, S.A.**</u>

108.    To the extent that the allegations in paragraph 108 are directed to other parties, no response is required.

109.    To the extent that the allegations in paragraph 109 are directed to other parties, no response is required.

110.    To the extent that the allegations in paragraph 110 are directed to other parties, no response is required.

111.    To the extent that the allegations in paragraph 111 are directed to other parties, no response is required.

112.    To the extent that the allegations in paragraph 112 are directed to other parties, no response is required.

113.    To the extent that the allegations in paragraph 113 are directed to other parties, no response is required.

114.    To the extent that the allegations in paragraph 114 are directed to other parties, no response is required.

sd-498571

115.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 115, and therefore denies them.

## DAMAGES

116.    Honeywell denies the allegations stated in paragraph 116 insofar as they relate to Honeywell or an alleged defect in the ADIRUs.  To the extent that the allegations in paragraph 116 are directed to other parties, no response is required.

## SEPARATE AFFIRMATIVE DEFENSES

As a further and separate answer to Plaintiffs' First Amended Complaint, Honeywell asserts the following affirmative defenses.  By setting forth these affirmative defenses, Honeywell does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing state here is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

Plaintiffs' Complaint fails to state facts sufficient to constitute a valid cause of action against Honeywell.

### SECOND AFFIRMATIVE DEFENSE
#### (Superseding Causes and/or Intervening Acts or Omissions)

The injuries and damages of which Plaintiffs complain were proximately caused or contributed to by the acts of other defendants, persons, or entities, and these acts were intervening and superseding causes of the injuries and damages, if any, of which Plaintiffs complain, thus barring any recovery from Honeywell.

### THIRD AFFIRMATIVE DEFENSE
### (Negligence of a Third Person)

Honeywell is informed and believes, and thereon alleges, that the damages suffered by

Plaintiffs, if any, were caused by the acts, omissions, culpable conduct, faults and/or negligence of

parties, persons, corporations or entities, other than Honeywell, and that the liability of Honeywell, if

any, is limited in direct proportion to the percentage of fault actually attributable to Honeywell.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Repose)

Plaintiffs' alleged causes of action are barred by applicable statutes of repose.

### FIFTH DEFENSE
### (Preemption)

Plaintiffs' claims are preempted under federal law.

### SIXTH AFFIRMATIVE DEFENSE
### (Products Were Substantially Altered, Modified, Repaired, Overhauled or Misused)

Plaintiffs' Complaint, and each of the alleged causes of action, fails in whole or in part to the

extent that if Plaintiffs were injured by Honeywell's products, those products were substantially

altered, modified, repaired, overhauled, or misused by persons over whom Honeywell had no control

or right of control, without Honeywell's knowledge, consent, or advice, and such alteration,

modification, repair, overhaul, or misused caused or contributed to the events alleged in Plaintiffs'

Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
### (Indemnity)

Any damages Plaintiffs may have suffered were caused in whole or in part by the wrongful

representations, acts or omissions of parties other than Honeywell, whereas any representations, acts

or omissions of Honeywell, if any, were without negligence, carelessness, or unlawfulness of any

kind, and were secondary and passive to such other parties.  To the extent Honeywell is found liable in any amount, Honeywell is entitled to full and complete indemnity from such other parties.

### EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

If it is determined that Honeywell bears any responsibility for the acts alleged in the Plaintiffs' Complaint, then Honeywell should be indemnified by other parties pursuant to the doctrine of equitable indemnity.

### NINTH AFFIRMATIVE DEFENSE
### (Regulatory Compliance)

Honeywell complied with all applicable federal and state statutes and administrative regulations existing at the time the subject aircraft was manufactured and all applicable standards for design, inspection, testing, warning, and manufacture.

### TENTH AFFIRMATIVE DEFENSE
### (State of the Art)

The Honeywell product at issue, and its component parts, conformed to the "state of the art" at the time of its sale and was designed, manufactured, and tested pursuant to generally recognized and prevailing standards and was in conformance with the statutes, regulations, and requirements that governed the product at the time of design, manufacture, and sale.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Sophisticated User)

The Honeywell product at issue, and its component parts, were intended for and sold to a knowledgeable and sophisticated user over whom Honeywell has no control and who was fully informed as to the risks and dangers, if any, associated with the product and the precautions necessary to avoid such risks and dangers.  Accordingly, Honeywell did not owe a duty to warn the

user of the alleged risks or dangers, if any, associated with the Honeywell product at issue or its component parts.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs may lack capacity or standing to bring this action.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Forum Non Conveniens)

This case may be subject to dismissal based on the doctrine of forum non conveniens.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reduction of Award or Judgment)

An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any other source as a result of the deaths of their decedents.  Any claims by Plaintiffs herein must be reduced by the amounts of any settlements or other consideration received by Plaintiffs, or to be received by Plaintiffs, or other representatives of their decedents, from any party or non-party relating to the action.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (DOHSA)

Plaintiffs' claims and available damages, if any, may be limited by the substantive laws found to apply to this action, such as the Death on the High Seas Act, 46 U.S.C. App. Sections 761-767.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Rule 44.1 Foreign Law Notice)

Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than Texas, including the laws of other states or of foreign countries.  Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Honeywell hereby gives notice that it intends to raise issues in this action concerning the law of a foreign country or countries.

sd-498571

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Honeywell further alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional and as yet unstated, affirmative defenses.

WHEREFORE, Honeywell prays for judgment as follows, and that:

1.     Plaintiffs take nothing from Honeywell by virtue of Plaintiffs' First Amended Complaint;

2.     Judgment be entered against Plaintiffs and in favor of Honeywell;

3.     Honeywell be awarded its costs of suit and reasonable attorneys' fees herein; and

4.     Honeywell be granted such other and further relief as the Court may deem just and proper.

Dated: December 8, 2009                     Respectfully Submitted,

                                            By:  _____/ s / Don G. Rushing_____
                                                 Don G. Rushing
                                                 DRushing@mofo.com
                                                 Texas Bar No. 24008348
                                                 MORRISON & FOERSTER LLP
                                                 12531 High Bluff Drive, Suite 100
                                                 San Diego, California  92130-2040
                                                 Telephone:     858.720.5100
                                                 Facsimile:     858.720.5125

                                                 T. Christopher Trent
                                                 ctrent@johnsontrent.com
                                                 Texas Bar No. 20209400
                                                 Southern District of Texas No. 14244
                                                 Johnson, Trent, West & Taylor
                                                 919 Milam Street, Suite 1700
                                                 Houston, Texas 77002
                                                 Telephone:     713.860.0525
                                                 Facsimile:     713.222.2226

                                                 Attorneys for Defendant
                                                 Honeywell International, Inc.

sd-498571

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 8, 2009, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).

s/ Don G. Rushing<br>
Don G. Rushing

## SERVICE LIST FOR NON-ECF SERVICE TO COUNSEL:

| | |
|---|---|
| Of Counsel:<br><br>Russell Post<br>BECK, REDDEN & SECREST LLP<br>One Houston Center<br>1221 McKinney Street, Suite 4500<br>Houston, TX  77010-2010<br>Tel:    713.951.3700<br>Fax:    713.951.3720<br>Email: | _____ Fax<br>___X___ U.S. Mail<br>_____ Overnight<br>_____ Personal |
| Christopher G. Kelly<br>Alan D. Reitzfeld<br>HOLLAND & KNIGHT LLP<br>195 Broadway, 24th Floor<br>New York, NY 10007<br>Tel:    212.513.3264<br>Fax:    212.385.9010<br>Email:<br><br>*Attorneys for Defendant Societe Air France* | _____ Fax<br>___X___ U.S. Mail<br>_____ Overnight<br>_____ Personal |
| Thad T. Dameris<br>HOGAN & HARTSON LLP<br>Bank of America Center<br>700 Louisiana Street, Suite 4300<br>Houston, Texas 77002<br>Tel:    713.632.1410<br>Fax:    713-583-6297<br>Email:<br><br>*Attorneys for Defendant Airbus S.A.S.* | _____ Fax<br>___X___ U.S. Mail<br>_____ Overnight<br>_____ Personal |

| Eugene Massamillo<br>KAPLAN, MASSAMILLO & ANDREWS LLC<br>70 East 55th Street, 25th Floor<br>New York, NY 10022<br>Tel:   212.991.5915<br>Fax:   212.922.0530<br>Email:<br><br>*Attorneys for Defendant Thales Avionics, S.A.* | _____ Fax<br>\_\_X\_\_ U.S. Mail<br>_____ Overnight<br>_____ Personal |
|---|---|
| Richard Walker<br>KAPLAN, MASSAMILLO & ANDREWS LLC<br>120 North LaSalle St., 24th Floor<br>Chicago, IL 60602<br>Tel:   312.345.3051<br>Fax:   312.345.3119<br>Email:<br><br>*Attorneys for Defendant Thales Avionics, S.A.* | _____ Fax<br>\_\_X\_\_ U.S. Mail<br>_____ Overnight<br>_____ Personal |