**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| HAMPTON HARRIS; and ANDREW MUSGROVE, | § § § |
| Plaintiffs, | § |
| vs. | § § CIVIL ACTION NO. 4:09-CV-03155 |
| SOCIETE AIR FRANCE; AIRBUS S.A.S.; HONEYWELL INTERNATIONAL, INC.; ROCKWELL COLLINS, INC.; and THALES AVIONICS, S.A., | § § § § § |
| Defendants. | § |

**ANSWER OF THALES AVIONICS, S.A.
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant THALES AVIONICS, S.A. (hereafter "Thales") makes this Answer to the Plaintiffs' First Amended Complaint, without waiver of any rights, privileges and defenses, and without conceding the appropriateness of this forum for resolution of this lawsuit, states as follows.

In response to the unnumbered preamble to Plaintiffs' First Amended Complaint, Thales admits that this action arises out of the June 1, 2009 accident involving Air France Flight 447 (the "Accident"). Thales further admits that the Accident occurred when Air France Flight 447 crashed into the Atlantic Ocean while en route from Rio de Janeiro, Brazil to Paris, France. The preamble contains other allegations which are legal conclusions to which no response is required. Insofar as any allegation of the preamble is deemed to require a response on the part of Thales, other than those specifically admitted above, they are denied.

## A. Parties

1. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the First Amended Complaint.

2. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the First Amended Complaint.

3. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the First Amended Complaint.

4. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the First Amended Complaint.

5. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the First Amended Complaint.

6. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint.

7. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the First Amended Complaint.

8. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint.

9. Defendant Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint.

10. Thales admits that it is a *société anonyme* organized under the laws of France with its principal place of business in Neuilly-sur-Seine, France. Thales further admits that it has agreed not to contest *in personam* jurisdiction over it in this case only, and has further agreed to accept service of process in this matter in exchange for the substitution of Thales Avionics, S.A.

for Thales, S.A.  All other allegations set forth in paragraph 10 of the First Amended Complaint are denied.

### B. Jurisdiction

11.    Defendant Thales admits that this Court has subject matter jurisdiction under the Convention for the Unification of Certain Rules Relating to International Transportation by Air (the "Montreal Convention"), but denies all other allegations of paragraph 11 of the First Amended Complaint.

12.    Defendant Thales admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act, but denies all other allegations of paragraph 12 of the First Amended Complaint.

### C. Venue

13.    The allegations of paragraph 13 of the First Amended Complaint contain conclusions of law to which no response is required.  Insofar as any allegation of paragraph 13 of the First Amended Complaint is deemed to require a response by Thales, it is denied.

14.    The allegations of paragraph 14 of the First Amended Complaint contain conclusions of law to which no response is required.  Insofar as any allegation of paragraph 14 of the First Amended Complaint is deemed to require a response by Thales, it is denied.

### D.  General Allegations Applicable to All Counts

15.    Thales denies the allegations of paragraph 15 of the First Amended Complaint.

16.    Thales admits that Air France Flight 447 was a scheduled commercial flight of an Airbus A330-203 aircraft, bearing registration number F-GZCP, operated by Air France on June 1, 2009 from Rio de Janeiro-Galeão Airport, Brazil to Paris-Charles de Gaulle Airport, France

(the "Aircraft").  As to all remaining allegations of paragraph 16 of the First Amended Complaint, Thales denies knowledge or information sufficient to form a belief as to their truth.

17. Thales admits that Société Air France owned and operated the AF 447 aircraft and that the aircraft, model A330-203, was manufactured by Airbus.  As to all remaining allegations of paragraph 17 of the First Amended Complaint, Thales denies knowledge or information sufficient to form a belief as to their truth.

18. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the First Amended Complaint.

19. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint.

20. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the First Amended Complaint.

21. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the First Amended Complaint.

22. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint.

23. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the First Amended Complaint.

24. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the First Amended Complaint.

25. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint.

26. Thales admits that there are three pitot probes on the A330 and that a function of the pitot probes is to collect raw dynamic air pressure for use by other components to measure airspeed. Thales denies all remaining allegations of paragraph 26 of the First Amended Complaint.

27. Thales admits that pitot probes collect raw dynamic air pressure for use by other components of the aircraft to measure airspeed. Thales denies all remaining allegations of paragraph 27 of the First Amended Complaint.

28. Thales admits that collecting raw dynamic air pressure for use by other components of the aircraft to measure airspeed is a function of the pitot probes, but denies all remaining allegations set forth in paragraph 28 of the First Amended Complaint.

29. Thales admits that the AF 447 Aircraft Communication Addressing and Reporting System ("ACARS") messages transmitted by the Aircraft in the final five minutes of observed flight indicated maintenance-oriented information about the Aircraft, but denies all remaining allegations set forth in paragraph 29 of the First Amended Complaint.

30. Thales admits that the European Aviation Safety Agency issued an Airworthiness Directive (AD 2009-0195) on August 31, 2009 directing Airbus A330 and A340 operators to replace the Thales pitot probe, part number PN C16195AA, with other pitot probes, but denies all remaining allegations set forth in paragraph 30 of the First Amended Complaint.

31. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the First Amended Complaint.

32. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the First Amended Complaint.

33. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint.

34. Thales denies that pitot probes failed and denies that the pitot probes had any causal role in the Accident. As to all other remaining allegations, Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the First Amended Complaint.

35. Thales admits that on June 1, 2009 the AF 447 aircraft crashed into the high seas in the Atlantic Ocean while en route from Rio de Janeiro-Galeão Airport, Brazil to Paris-Charles de Gaulle Airport, France and that there were no survivors, but denies all remaining allegations set forth in paragraph 35 of the First Amended Complaint.

36. Thales denies the allegations set forth in paragraph 36 of the First Amended Complaint.

37. Thales denies the allegations set forth in paragraph 37 of the First Amended Complaint insofar as those allegations are directed to Thales, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the First Amended Complaint.

38. Thales denies the allegations of paragraph 38 insofar as they are deemed to be directed at Thales, as to all other allegations Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the First Amended Complaint.

39. Thales denies the allegations of paragraph 39 insofar as they are deemed to be directed at Thales, as to all other allegations Thales denies knowledge or information sufficient

to form a belief as to the truth of the allegations set forth in paragraph 39 of the First Amended Complaint.

40. Thales denies the allegations of paragraph 40 insofar as they are deemed to be directed at Thales, as to all other allegations Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the First Amended Complaint.

41. Thales denies the allegations of paragraph 41 insofar as they are deemed to be directed at Thales, as to all other allegations Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the First Amended Complaint.

42. Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the First Amended Complaint.

## COUNT I
### Negligence and Vicarious Liability Against Société Air France

43-53. Paragraphs 43-53 of the First Amended Complaint are directed at Société Air France and require no response from Thales. Insofar as any allegation of paragraphs 43-53 of the First Amended Complaint is deemed to be directed at Thales, it is denied.

## COUNT II
### Claims Against Société Air France For Damages Under the Montreal Convention

54-58. Paragraphs 54-58 of the First Amended Complaint are directed at Société Air France and require no response from Thales. Insofar as any allegation of paragraphs 54-58 of the First Amended Complaint is deemed to be directed at Thales, it is denied.

## COUNT III
## Negligence Against Airbus S.A.S.

59-63. Paragraphs 59-63 of the First Amended Complaint are directed at Airbus S.A.S. and require no response from Thales. Insofar as any allegation of paragraphs 59-63 of the First Amended Complaint is deemed to be directed at Thales, it is denied.

## COUNT IV
## Strict Products Liability Against Airbus S.A.S.

64-71. Paragraphs 64-71 of the First Amended Complaint are directed at Airbus S.A.S. and require no response from Thales. Insofar as any allegation of paragraphs 64-71 of the First Amended Complaint is deemed to be directed at Thales, it is denied.

## COUNT V
## Negligence Against Honeywell International, Inc.

72-77. Paragraphs 72-77 of the First Amended Complaint are directed at Honeywell International, Inc. and require no response from Thales. Insofar as any allegation of paragraphs 72-77 of the First Amended Complaint is deemed to be directed at Thales, it is denied.

## COUNT VI
## Strict Products Liability Against Honeywell International, Inc.

78-86. Paragraphs 78-86 of the First Amended Complaint are directed at Honeywell International, Inc. and require no response from Thales. Insofar as any allegation of paragraphs 78-86 of the First Amended Complaint is deemed to be directed at Thales, it is denied.

## COUNT VII
## Negligence Against Rockwell Collins, Inc.

87-93. Paragraphs 87-93 of the First Amended Complaint are directed at Rockwell Collins, Inc. and require no response from Thales. Insofar as any allegation of paragraphs 87-93 of the First Amended Complaint is deemed to be directed at Thales, it is denied.

## COUNT VIII
### Strict Products Liability Against Defendant Rockwell Collins, Inc.

94-102.   Paragraphs 94-102 of the First Amended Complaint are directed at Rockwell Collins, Inc. and require no response from Thales.   Insofar as any allegation of paragraphs 94-102 of the First Amended Complaint is deemed to be directed at Thales, it is denied.

## COUNT IX
### Negligence Against Thales Avionics, S.A.

103.   Paragraph 103 of the First Amended Complaint contains legal conclusions to which no response is required.   Insofar as response is deemed required, Thales denies the allegations set forth in paragraph 103 of the First Amended Complaint.

104.   Thales denies the allegations set forth in paragraph 104, and each of its subparts, of the First Amended Complaint.

105.   Thales denies the allegations set forth in paragraph 105 of the First Amended Complaint.

106.   Thales denies the allegations set forth in paragraph 106 of the First Amended Complaint.

107.   Thales denies the allegations set forth in paragraph 107 of the First Amended Complaint.

## COUNT X
### Strict Products Liability Against Thales Avionics, S.A.

108.   Thales denies the allegations set forth in paragraph 108 of the First Amended Complaint.

109.    Thales denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the First Amended Complaint.

110. Thales denies the allegations set forth in paragraph 110 of the First Amended Complaint.

111. Thales denies the allegations set forth in paragraph 111 of the First Amended Complaint.

112. Thales denies the allegations set forth in paragraph 112 of the First Amended Complaint.

113. Thales denies the allegations set forth in paragraph 113 of the First Amended Complaint.

114. Thales denies the allegations set forth in paragraph 114 of the First Amended Complaint.

115. Paragraph 115 of the First Amended Complaint contains legal conclusions to which no response is required. Insofar as response is deemed required, Thales denies the allegations set forth in paragraph 115 of the First Amended Complaint.

### DAMAGES

116. Thales denies the allegations set forth in paragraph 116, and each of its subparts, of the First Amended Complaint.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

1. This action should be dismissed on the grounds of *forum non conveniens*.

2. The First Amended Complaint fails to state a cause of action against Thales upon which relief can be granted.

3. Plaintiffs, jointly and/or individually, may lack legal standing to bring this action.

4. This is an action in admiralty and Plaintiffs' claims herein are barred by the provisions of the Death on the High Seas Act, 46 U.S.C.A. §§ 30301, et seq.

5. This is an action in admiralty governed by the Death on the High Seas Act, 46 U.S.C.A. §§ 30301, et seq. pursuant to which Plaintiffs' claims for damages are barred and/or limited.

6. This is an action in admiralty governed by the Death on the High Seas Act, 46 U.S.C.A. §§ 30301, et seq., pursuant to which Plaintiffs are not entitled to a trial by jury, and Thales expressly objects to Plaintiffs' demand for jury on that ground.

7. If it should be proven that any product that was sold, supplied or distributed by Thales was involved in the Accident upon which this action is based, any injuries or death which Plaintiff or Plaintiff's decedent, or both, may have sustained was not due to any defect in the product itself but was due to the substantial changes, modifications, alterations or improper use of the product by persons other than the Thales, its agents, servants, representatives, workers and/or employees and, said changes, changes, modifications, alterations or improper use took place after the product left the control of Thales.

8. If it should be proven that any product which was sold, supplied or distributed by Thales was involved in the Accident upon which this action is based, any injury or death which Plaintiffs or Plaintiffs' decedents may have sustained was caused by the improper, abnormal, unforeseeable and unintended use for which the product was not designed, manufactured or sold, by persons or entities, or both, other than Thales.

9. If it should be proven that any product which was sold, supplied or distributed by Thales was involved in the Accident upon which this action is based, such product

11

conformed at all times to the state of the art of the design, manufacture, production, sale and distribution of Thales's products under applicable law or regulations, and/or any applicable industrial or trade standards.

10. Any and all injuries or damages of which Plaintiffs complain were caused by the separate, independent and/or negligent actions or inactions or fault of third parties over whom Thales exercised no control.

11. The injuries and/or death of which Plaintiffs complain were caused by the conditions in the products of other manufacturers over whom Thales had no control and for whose products or conduct Thales bears no liability.

12. Any right to recover by Plaintiffs in this action, and any liability on the part of Thales in this action, are limited in accordance with the provisions of the applicable products liability law.

13. The right of the Plaintiffs to recover in this litigation, if any, can only be determined after the percentages of fault of all parties to the incident complained of are determined, whether or not parties to this litigation, Thales demands an adjudication of the percentage of fault of each and every person whose fault contributed to this incident, and Thales's liability to Plaintiffs for economic and/or non-economic damages, which is expressly denied, should be limited to its proportionate share determined in accordance with the relative culpability/liability of each person causing or contributing to the total liability, if any.

14. Thales had no notice of the allegedly defective or dangerous condition alleged and is, therefore, not liable to Plaintiffs.

15. The user of any of Thales's products was a sophisticated and knowledgeable user of the product, to whom Thales was under no duty to warn.

16. Plaintiffs' recovery, if any, shall be reduced by the amount of any collateral payments or benefits received, or entitled to be received, from any source.

17. Thales adopts by reference all affirmative defenses heretofore or hereafter pleaded by any other defendant, except to the extent such defenses may make any allegations against Thales, and additionally expressly reserves the right to assert additional affirmative defenses as necessitated by pre-trial discovery.

18. Plaintiffs' claims may be barred in whole or in part, under applicable law, because they have already received full satisfaction and/or compensation for their alleged injuries and damages, and their claims my be barred by Plaintiffs' prior accord and satisfaction with any party or third party.

## JURY DEMAND

This is an action in admiralty which is to be tried to the Court. Without conceding any right by Plaintiffs to have this case tried to a jury, Thales demands trial by jury on all issues so triable, if any issues are so determined by the Court.

## CONCLUSION

Thales Avionics, S.A. requests judgment dismissing the First Amended Complaint, together with the costs and disbursements of this action, and for such other and further relief as to this Court may seem just and proper in the circumstances.

Respectfully submitted,

/s/ Pamela C. Hicks
Pamela C. Hicks
Federal I.D. No. 23061
Texas Bar No. 24007002

                                                1300 Post Oak Boulevard, Suite 2500
                                                Houston, Texas 77056
                                                phicks@bmpllp.com
                                                (713) 623-0887
                                                (713) 960-1527 FAX

                                                **ATTORNEY-IN-CHARGE FOR**
                                                **DEFENDANT THALES AVIONICS S.A.**

**OF COUNSEL:**
Kristen W. Kelly
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056

Eugene Massamillo
KAPLAN, MASSAMILLO & ANDREWS, LLC
70 East 55th Street, 25th Fl.
New York, New York 10022

Richard A. Walker
KAPLAN, MASSAMILLO & ANDREWS, LLC
120 N. LaSalle Street, 24th Fl.
Chicago, Illinois 60602

## CERTIFICATE OF SERVICE

       The undersigned certifies that a true and correct copy of the foregoing was sent to all known counsel of record via electronic service and facsimile transmission, on the 8th day of December, 2009:

| | |
|---|---|
| Richard Warren Mithoff, Jr.<br>Mithoff Law Firm<br>One Allen Center Penthouse<br>500 Dallas St., Suite 3450<br>Houston, Texas 77002<br><br>ATTORNEY FOR THE HARRIS AND MUSGROVE PLAINTIFFS | *Via Facsimile 713-739-8085* |
| William V. O'Connor<br>Don G. Rushing<br>Ellen N. Adler<br>Morrison & Foerster LLP<br>12531 High Bluff Dr., Suite 100<br>San Diego, California 92130 | *Via Facsimile 858-720-5125* |

| | |
|---|---|
| Thomas Christopher Trent<br>Johnson, Trent, West & Taylor, L.L.P.<br>919 Milam Street, Suite 1700<br>Houston, Texas  77002<br><br>ATTORNEYS FOR DEFENDANT HONEYWELL | *Via Facsimile 712-222-2226* |
| Robert F. Ruckman<br>Jackson Walker LLP<br>901 Main, St., Suite 6000<br>Dallas, Texas  75202-4771<br><br>ATTORNEY FOR DEFENDANT ROCKWELL COLLINS INC. | *Via Facsimile 214-953-5822* |
| Christopher G. Kelly<br>Alan D. Reitzfeld<br>Holland & Knight LLP<br>195 Broadway<br>New York, New York 10007<br><br>Jad J. Stepp<br>Stepp & Sullivan PC<br>1010 Lamar, Suite 810<br>Houston, Texas 77002<br><br>ATTORNEYS FOR DEFENDANT SOCIETE AIR FRANCE | *Via Facsimile 212-385-9010*<br><br><br><br><br><br>*Via Facsimile 713-336-7250* |

      /s/ Pamela C. Hicks
Pamela C. Hicks