| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| HAMPTON HARRIS, Individually, and as | § | |
| Independent Administrator of the Estate of | § | |
| MICHAEL HARRIS, Deceased; and | § | |
| ANDREW MUSGROVE, Individually and as | § | Civil Action H-4:09-CV-3155 |
| Independent Administrator of the Estate of | § | HUGHES, D.J. |
| ANNE HARRIS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | |
| | § | |
| SOCIETE AIR FRANCE, AIRBUS S.A.S., | § | |
| HONEYWELL INTERNATIONAL, INC., | § | |
| ROCKWELL COLLINS, INC., and THALES, | § | |
| S.A., | § | |
| Defendants. | § | |

## Order Protecting Confidentiality

1.  *Purpose.* To preserve the legitimate proprietary and privacy interest of sources of information, this order establishes a procedure for disclosing confidential information, protecting it, and challenging it.

2.  *Information.* Information includes the contents of documents, testimony, answers to interrogatories, admissions, and data derived from objects other than documents.

3.  *Condition.* This order covers information that the source designates confidential. Something may be designated confidential only when the source reasonably believes it is proprietary or otherwise implicates an interest in its security, including "personal data" as defined in EU Directive 95/46/EC.

4.  *Procedure.*

    a.  *Designation.* To designate information as confidential, a source must mark it or identify it on the record. Either designation may be

2

    withdrawn. A party may designate information from another source as confidential.

  b. *Redaction.* The source may redact "personal data" as defined in EU Directive 95/46/EC. A party may challenge redaction under Paragraph 9.

  c. *Marking.* The source must mark each page of documents or each significant component of other objects. The deponent will mark deposition transcripts and the claimant will mark hearing transcripts. A mark similar to these will be used:

```
CONFIDENTIAL
ACCESS RESTRICTED
USDC SDTX 09-CV-3155
```

```
CONFIDENTIAL
ACCESS RESTRICTED
ATTORNEYS ONLY
USDC SDTX 09-CV-3155
```

  d. *Timing.* Documents and other objects must be designated before disclosure. Transcripts must be designated within 30 days of receipt; all transcripts are confidential for 30 days after receipt.

  e. *Application.* This order applies to information in this case (a) furnished by parties and non-parties and (b) derived from confidential information.

  f. *Public.* This order does not apply to information that is public.

  g. *Errors.* Accidental disclosure of information does not waive the confidence; those who knowingly receive an inadvertent disclosure must return the information to the source immediately and make no use of it. Federal Rule of Evidence 502(d) applies to this action.

5. *Who.* Confidential information may be used only by:

  a. Parties and their insurers,

  b. The court,

  c. Court reporters (including audio and video),

Case 4:09-cv-03155   Document 49   Filed in TXSD on 01/20/10   Page 3 of 7
Case 4:09-cv-03155   Document 45   Filed in TXSD on 01/19/10   Page 3 of 7

3

  d. Special masters,

  e. Mediators,

  f. Parties' counsel,

  g. Experts,

  h. The direct staff of these people, and

  i. Others specifically identified in writing by the source.

6. *Attorneys Only.*

  a. Access may be further restricted by its designation for attorneys only. Only the attorneys for the parties, the parties' insurers, and source may use information designated attorneys only.

  b. This designation is limited to confidential information that could cause competitive injury-directly or indirectly.

7. *Where.* Confidential information must be used only in this case.

8. *How.*

  a. *Acknowledgment.* People having access to confidential information must sign an acknowledgment of this order in a form similar to appendix A.

  b. *Filing.* No pleading will be sealed. If confidential information must be filed, file it under seal as an appendix to the instrument that refers to it. File as little of the source document as possible. References in the instrument must be sufficiently abstract not to disclose the information.

  c. *Hearings*

    1. References to confidential information in pretrial conferences and hearings must be preceded by notice five business days before the court appearance that confidential information will be used.

2. A party may refer to confidential information at trial on cross-examination or rebuttal after requesting a bench conference.

3. The source must mark the transcripts within 30 days of receipt; if the source is not a party, the party using the information must confer with the source in the marking.

d. *Depositions.* Deposition testimony is automatically confidential when confidence is asserted at anytime in the deposition; the source must mark the transcripts within 30 days of receipt.

e. *Subpoenas.* If confidential information is subpoenaed, the source must notify the parties in writing that the subpoena covers confidential information. The source is responsible for protecting subpoenaed information's confidentiality under this order and must respond to the subpoena.

9. *Challenges.*

a. *Notice and Response.* If a party reasonably believes that information should not be restricted, it must specify to the source in writing (a) the data and (b) its grounds for questioning the designation. The source must respond in writing within seven business days.

b. *Rulings.* If the party is still not satisfied, it may move the court to lift the designation. Until the court rules, the designation subsists. If the court rules that the information should not be restricted, the original designation subsists for five business days.

10. *Return.* This order survives the termination of this case. Within ninety days of termination the parties must (a) return original documents with confidential information and (b) destroy copies of them.

Signed on January __20__, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge

STIPULATED TO AND ENTRY OF ORDER REQUESTED BY:

5

_____
Richard W. Mithoff
Counsel for Plaintiffs
Date 1/14/10

_____
Christopher G. Kelly
Alan D. Reitzfeld
Counsel for Société Air France
Date 1/14/10

_____
Thad T. Dameris
Counsel for Airbus S.A.S.
Date _____

_____
Don G. Rushing
Counsel for Honeywell International, Inc.
Date _____

_____
Robert F. Ruckman
Counsel for Rockwell Collins, Inc.
Date _____

_____
Richard A. Walker
Counsel for Thales Avionics, S.A.
Date _____

5

_____
Richard W. Mithoff
Counsel for Plaintiffs
Date 1/14/10

_____
Christopher G. Kelly
Alan D. Reitzfeld
Counsel for Société Air France
Date _____

_____
Thad T. Dameris
Counsel for Airbus S.A.S.
Date 1/15/10

_____
Don G. Rushing
Counsel for Honeywell International, Inc.
Date 1/15/2010

\* _____
Robert F. Ruckman
Counsel for Rockwell Collins, Inc.
Date 1/15/10

\* _____
Richard A. Walker
Counsel for Thales Avionics, S.A.
Date 1/15/10

\* By permission

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| HAMPTON HARRIS, Individually, and as § <br> Independent Administrator of the Estate of § <br> MICHAEL HARRIS, Deceased; and § <br> ANDREW MUSGROVE, Individually and as § <br> Independent Administrator of the Estate of § <br> ANNE HARRIS § <br> § <br> Plaintiffs, § <br> § <br> *versus* § <br> § <br> SOCIETE AIR FRANCE, AIRBUS S.A.S., § <br> HONEYWELL INTERNATIONAL, INC., § <br> ROCKWELL COLLINS, INC., and THALES, § <br> S.A., § <br> Defendants. § | Civil Action H-4:09-CV-3155 <br> HUGHES, D.J. |

Acknowledgment of Order on Confidentiality

Name: _____

Address: _____

Telephone: _____

Role in Lawsuit:

☐ Staff to Counsel      ☐ Consulting Expert      ☐ Testifying Expert

☐ Court Reporter      ☐ Other Witness      ☐ Party Employee

Aligned with:

☐ This party: _____

☐ This non-party: _____

I have read and acknowledge that I am bound by the order on confidentiality entered in this action.

_____     _____
Signature                                                Date

WDE - 027627/000047 - 439300 v1